UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:23-cv-24121-BB

ISAAC HERES,

     Plaintiff,

v.

FINANCE SYSTEM OF RICHMOND INC
D/B/A RADIOLOGYBILL,

     Defendant.

_____/

MOTION TO STRIKE
DEFENDANT'S *BONA FIDE ERROR* AFFIRMATIVE DEFENSE

Plaintiff Isaac Heres files this Motion to Strike with respect to the *bona fide error* affirmative defense raised by Defendant Finance System of Richmond Inc d/b/a RadiologyBill ("Defendant") on the grounds that it is insufficient and otherwise fails to state legal defense.

1. **BACKGROUND & POSTURE**

1. Plaintiff sued Defendant for violating the Fair Debt Collection Practices Act ("FDCPA") in the County Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (*original case no. 2023-093807-CC-05*). *See generally* D.E. 1. On October 27, 2023, Defendant removed Plaintiff's case to this Court. *See* Id. On November 6, 2023, Defendant filed its Answer [Doc. 8] (the "Answer") that contains the *bona fide error* affirmative defense the subject of the Motion to Strike.

2. With respect to the Answer, Plaintiff takes pointed issue with Defendant's proffered affirmative defense of *bona fide error*, the full breadth of which is that: "FSOR affirmatively alleges, in the alternative, that any violation of law by FSOR, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adapted to avoid any such error." <u>Answer</u> at 8, ¶ 5. As set forth below, Defendant's proffered *bona fide error* affirmative defense is vague, does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice – and as such – should be stricken by this Court.

**2.    STANDARD OF REVIEW**

3.    Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are properly granted when, on the face of the pleadings, are patently frivolous, or the purported defense is insufficient as a matter of law. *See* <u>Muschong v. Millennium Phys. Group, LLC</u>, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014) (stating that an affirmative defense is insufficient as a matter of law if either: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.").

4.    Affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the asserted defense. *See* <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("'A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law.' [citation omitted] In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires 'a short and plain statement' of the asserted defense." (citations omitted)); <u>Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys.</u>, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations").

5.      "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" <u>Mid-Continent Cas. Co. v. Active Drywall S., Inc.</u>, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (*quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)); *see also* <u>Castillo v. Roche Laboratories Inc.</u>, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying heightened pleading standard of <u>Twombly</u> to affirmative defenses); <u>Home Mgmt. Solutions, Inc. v. Prescient, Inc.</u>, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests" (*quoting* <u>Twombly</u>, 550 U.S. 544 at 556)).

3.      **DEFENDANT'S *BONA FIDE ERROR* AFFIRMATIVE DEFENSE**

6.      "The FDCPA is a strict liability statute." <u>Ferguson v. Credit Mgmt. Control, Inc.</u>, 140 F. Supp. 2d 1293, 1297 (M.D. Fla. 2001); *see* <u>LeBlanc</u>, 601 F.3d at 1190 ("The FDCPA does not ordinarily require proof of an intentional violation and, as a result, is described by some as a strict liability statute.") (citing 15 U.S.C. § 1692k). "Nevertheless, the FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense." <u>Owen v. I.C. Sys., Inc.</u>, 629 F.3d 1263, 1271 (11th Cir. 2011); *see* 15 U.S.C. 1692k(c) ("A debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.").

7.      The bona fide error defense must be plead with specificity. *See* <u>Owen</u>, 629 F.3d 1263 at 1271 ("a debt collector bears a three-part burden of showing that its FDCPA violation (1) was 'not intentional;' (2) was a 'bona fide error;' and (3) occurred despite the maintenance of

procedures 'reasonably adapted to avoid any such error.'"). *See also* <u>Kottler v. Gulf Coast Collection Bureau, Inc.</u>, 847 F. App'x 542, 544 (11th Cir. 2021) (finding that, to show that the underlying FDCPA violation "'occurred despite the maintenance of procedures reasonable adapted to avoid any such error,'" the defendant "had to 'actually employ or implement procedures to avoid such errors,' and then ensure those procedures were 'reasonably adapted to avoid the specific error at issue.'" (*quoting* <u>Owen</u>, 629 F.3d 1263 at 1271-1274)).

8.       With respect to Defendant's operative Answer, Defendant's *bona fide error* affirmative defense, in full, reads: "FSOR affirmatively alleges, in the alternative, that any violation of law by FSOR, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." <u>Answer</u> at 8, ¶ 5. Simply put, Defendant's mere restatement of the statute creating the defense, *see* 15 U.S.C. 1692k(c), is not enough.

9.       Under Fed. R. Civ. P. 9(b). Rule 9(b) provides "*[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.* Fed. R. Civ. P. 9(b) (emphasis added). For all averments of fraud or mistake, the circumstances constituting fraud or mistake "must" be stated with particularity. <u>Leatherman v. Tarrant Co. Narcs. Intel. & Coordination Unit</u>, 507 U.S. 163, 168 (1993). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." <u>GE Capital Corp. v. Lease Res. Corp.</u>, 128 F. 3d 1074, 1078 (7th Cir. 1997). Merely parroting the language of the statute cannot possibly be sufficient under this standard.

10.      Here, Defendant does not set forth *any facts* in support of the *bona fide error* affirmative defense. Defendant claims that it has "procedures reasonably adapted to avoid any such

error," <u>Answer</u> at 8, ¶ 5, but fails to provide any facts, details, or information regarding what procedures it (Defendant) actually employs or implemented, nor does Defendant provide any facts, details, or information, as to how any such procedures were reasonably adapted to avoid the specific error at issue. At best, Defendant is simply parroting the language of the statute.

11.     As such, Defendant's attempt to raise the *bona fide error* affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response and does not provide Plaintiff with fair notice. *See* <u>Morales v. MediCredit, Inc.</u>, Southern District of Florida Case No. 0:20-cv-60854-WPD (wherein Judge William P. Dimitrouleas granted the plaintiff's motion to strike the defendant's *bona fide error* affirmative defense, whereby the affirmative defense, in full, read: "*Medicredit states that any failure to comply with the requirements of the FCCPA, which may have occurred and about which Plaintiff complains, if it occurred, was not intentional but resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error; therefore, under the provisions of the FCCPA, Medicredit is not liable to Plaintiff.*" (emphasis added); <u>Samedy v. Accounts Receivable Resources, Inc.</u>, Southern District of Florida Case No. 0:20-cv-60853-RAR (wherein Judge Rodolfo A. Ruiz II granted the plaintiff's motion to strike the defendant's *bona fide error* affirmative defense,[1] ruling that "[d]efendant's third affirmative defense is STRICKEN **because it is conclusory and lacks necessary detail**," and in so doing, further "**encouraged** [the defendant] **to review the** [] **analysis of the standard for establishing the bona fide error defense in** <u>Malone v. Accounts Receivable Res., Inc.</u>, 408 F. Supp. 3d 1335, 1345 (S.D. Fla.

---

[1] The full thrust of which was that "[Accounts Receivable Resources, Inc] asserts, without admitting any liability whatsoever, that any violation of federal or state law in its dealings with Plaintiffs was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

2019)."(emphasis added)); <u>Tara Productions, Inc. v. Hollywood Gadgets, Inc.</u>, 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).

12.     Accordingly, Plaintiff requests that this defense be stricken, as Defendant has not alleged ***any facts*** to support its purported affirmative defense of *bona fide error*, and instead, merely states "FSOR affirmatively alleges, in the alternative, that any violation of law by FSOR, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error" and nothing more. <u>Answer</u> at 8, ¶ 5.

## 4.     CONCLUSION

For the above stated reasons, Plaintiff respectfully requests Defendant's affirmative defense of *bona fide error* be stricken with *prejudice*, pursuant to Fed. R. Civ. P. 8, 9, and 12(f).

<u>**CERTIFICATE OF GOOD FAITH CONFERENCE**</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that he conferred with counsel for Defendant, of whom stated that Defendant opposes relief sought herein.

DATED: November 17, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33301
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
